UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE CONNECTICUT PIPE TRADES LOCAL 777 HEALTH FUND, ANNUITY FUND, CONNECTICUT STATE PENSION FUND, APPRENTICE TRAINING FUND, INDUSTRY FUND, THE INTERNATIONAL TRAINING FUND, THE NATIONAL PENSION FUND, AND UNITED ASSOCIATION OF PLUMBERS AND PIPEFITTERS LOCAL 777,<br><br>    Plaintiffs,<br><br>    v.<br><br>PLUMBING CREATIONS, LLC,<br><br>    Defendant. | No. 3:15-cv-822 (MPS) |

**MEMORANDUM AND ORDER**

Pending before the Court is the Plaintiffs/Judgment Creditors' Petition for Examination of Judgment Debtors. (ECF No. 49.) The Plaintiffs/Judgment Creditors, Trustees of the Connecticut Pipe Trades Local 777 Health Fund, Annuity Fund, Connecticut State Pension Fund, Apprentice Training Fund, Industry Fund, The International Training Fund, The National Pension Fund, and United Association Of Plumbers and Pipefitters Local 777 (collectively, "Plaintiffs/Judgment Creditors"), seek an order that Plumbing Creations, LLC ("Defendant/Judgment Debtor") be examined under oath concerning its property and means of paying the judgment.

On December 21, 2016, the Plaintiffs/Judgment Creditors obtained a default judgment against the Defendant/Judgment Debtor in the amount of $74,958.40. (ECF No. 44.) On April 7, 2017, the Clerk issued a Writ of Execution to be served on financial institutions. (ECF No. 48.) The Plaintiffs/Judgment Creditors state that, to date, they have not been able to collect $22,601.99 of the outstanding judgment amount.

On October 4, 2017, the Plaintiffs/Judgment Creditors served post-judgment interrogatories on Defendant/Judgment Debtor. (ECF No. 49-1.) The Plaintiffs/Judgment Creditors state that Defendant/Judgment Debtor has failed to provide a timely response as required by law.[1] Therefore, the Plaintiffs/Judgment Creditors request that the Defendant/Judgment Debtor be ordered to appear before this Court to be examined under oath concerning its property and means of paying the judgment.

Rule 69 of the Federal Rules of Civil Procedure states:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). The Rule further states that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Section 52–397 of the Connecticut General Statutes provides, in relevant part:

> Any judgment debtor, an execution against whom has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment, before any judge of the Superior Court or before a committee appointed by such judge. Such examination shall be on questions put by the judgment creditor or his attorney, and may be ordered . . . by any such judge, to be had before himself or some other such judge or such a committee, at such time and place as such judge appoints and on such reasonable notice to the debtor as such judge prescribes . . . . .

Conn. Gen. Stat. § 52-397.

---

[1] Under Section 52-351b of the Connecticut General Statutes, a judgment debtor served with interrogatories "shall answer the interrogatories and return them to the judgment creditor within thirty days of the date of service." Conn. Gen. Stat. § 52-351b(a).

In accordance with Section 52–397 of the Connecticut General Statutes, the Court GRANTS the Plaintiffs/Judgment Creditors' Petition for Examination of the Judgment Debtors. Counsel for the Plaintiffs/Judgment Creditors shall serve as the committee before which the Defendant/Judgment Debtor shall appear, at a time and place to be determined by counsel for the Plaintiffs/Judgment Creditors, and set forth clearly in a notice to be served on the Defendant/Judgment Debtor providing for at least 30 days' notice between the date of service and the examination(s). Proof of service of the notice, together with a copy of the notice, shall be filed on the docket within 14 days of service. "The judgment creditor[s] or [their] attorney may provide for the service of a subpoena or subpoena duces tecum on the judgment debtor for appearance at such time and place" as the Plaintiffs/Judgment Creditors or their attorney decides. Conn. Gen. Stat. § 52-397. Failure of the Defendant/Judgment Debtor "to so appear in response to such subpoena shall subject [it] to the provisions of section 52-143, concerning fine, damages and capias." *Id.* A copy of the subpoena and proof of service of the same shall also be filed on the docket within 14 days of service.

Defendant/Judgment Debtor is hereby ordered to appear before the committee to be examined under oath concerning its property and means of paying the judgment. A copy of this order shall be served on the Defendant/Judgment Debtor and shall be filed on the docket, together with proof of service, within 14 days of service.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          December 8, 2017