UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE CONNECTICUT PIPE TRADES LOCAL 777 HEALTH FUND et al.<br><br>*Plaintiff*,<br><br>v.<br><br>PLUMBING CREATIONS, LLC<br><br>*Defendants*. | No. 3:15-cv-00822 (MPS) |

**RULING ON PLAINTIFFS' MOTION FOR CONTEMPT**

**I. Introduction**

This motion arises out of Defendant's failure to comply with a post-judgment subpoena. (ECF No. 50.) Plaintiffs, the United Association of Plumbers and Pipefitters Local 777 and seven union employee benefit funds ("Plaintiffs"), obtained a default judgment against Defendant, Plumbing Creation, LLC ("Defendant"), totaling $74,958.40. (ECF No. 44.) Plaintiffs were unable to collect $22,601.99 of the judgment amount. As a result, they filed a motion for a Judgment Debtor Exam, seeking to require the Defendant to appear for questioning and produce certain documents relating to its assets and ability to pay. (ECF No. 49.) I granted the motion (ECF No. 50), but Defendant failed to produce documents required by Plaintiffs' subpoena. (ECF No. 53 at ¶ 8.) Plaintiffs have now filed a motion for contempt, asking the Court to impose a monetary fine for each day Defendant fails to comply with the subpoena. (ECF No. 53.) For the reasons set forth below, the motion is GRANTED.

**II. Background**

Plaintiffs are a union, the United Association of Plumbers and Pipefitters Local 777, and seven union employee benefit funds. (ECF No. 1 at ¶ 1.) Defendant, Plumbing Creations, LLC, is

1

a limited liability company based in Hartford, Connecticut. (*Id.* at ¶ 3.) Plaintiffs brought this action on May 29, 2015. (*Id.*) They alleged that Defendant had violated a collective bargaining agreement requiring it to make certain contributions to employee benefit funds on behalf of its employees. (ECF No. 1 at ¶¶ 6, 8.) Defendant failed to answer the complaint or otherwise defend, and Plaintiffs moved for default entry. (ECF No. 11.) The motion was granted on July 30, 2015. (ECF No. 12.) Plaintiffs then moved for default judgment. (ECF No. 13.) After supplemental briefing related to damages, the Court entered a default judgment against Defendant in the amount of $74,958.40. (ECF No. 44.)

After the Court entered default judgment, the Plaintiffs applied for, and received, a writ of execution to enforce the judgment (ECF Nos. 45, 48.) Plaintiffs collected a portion of the judgment but assert that they were unable to collect the remaining balance of $22,601.99. (ECF No. 53 ¶ 3.) Defendant did not respond to post-judgment interrogatories and, as such, Plaintiffs moved to conduct a Judgment Debtor Exam to investigate any property or assets the Defendant may possess. (ECF No. 49.) I granted the motion and appointed Plaintiffs' counsel as the committee for the exam under Conn. Gen. Stat. § 52-397. Plaintiffs' counsel scheduled the Judgment Debtor Exam for May 30, 2018. Plaintiffs served Defendant with my ruling on the motion, notice of the exam, and a subpoena duces tecum requiring it to produce several documents related to its accounts and assets. (ECF Nos. 53-2, 53-3, 53-4.) Defendant failed to appear for the Exam. (ECF No. 53 at ¶ 6.) Plaintiffs' counsel rescheduled the Exam for June 12, 2018 and again served Defendant with notice, together with a letter reiterating that Defendant should "bring copies of all requested documents." (ECF No. 53-3, 53-6.) Defendant appeared for the Exam on June 12, 2018 but did not provide any of the required documents; to date Defendant has still not supplied the documents. (ECF No. 53 at ¶ 8.)

2

On January 8, 2019, Plaintiffs filed a motion asking that the Court hold Defendant in contempt for failing to comply with the subpoena and provide the documents. (ECF No. 53.) On January 31, 2019, I ordered Defendant to show cause within 14 days why the Court should not hold it in contempt and impose the sanctions that Plaintiffs sought. (ECF No. 54.) Plaintiffs served Defendant with a copy of the order on February 7, 2019, but Defendant has not responded. (ECF No. 55-3.)

**III.    Legal Standard**

Under Federal Rules of Civil Procedure 69(a)(1) a court may issue a writ of execution to enforce a money judgment. "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed R. Civ. P. 69(a)(1). Additionally, under Rule 69(a)(2) a judgment creditor "may obtain discovery from any person[,]including the judgment debtor[,]" to aid in the execution of the judgment. Connecticut law provides that, if a judgment is not paid in full or the judgment debtor fails to answer post-judgment interrogatories within thirty days, then the judgment creditor may examine the judgment debtor under oath "concerning his property and means of paying such judgment, before any judge . . . or before a committee appointed by such judge." Conn. Gen. Stat § 52-397.

"The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1873). Civil contempt is "coercive" and "compel[s] obedience . . . ," *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982), and its purpose is to "secure future compliance with court

3

orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda. v. GE Med Sys. Info. Techs. Inc.*, 369 F.3d 645, 657 (2d Cir. 2004).

Under 18 U.S.C. § 401, a court may impose fines or imprisonment for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Rule 45(g) further provides that a court may hold an individual in contempt "who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it." "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina*, 369 F.3d at 655.

IV. Discussion

A. Defendant Failed to Comply with a Clear and Unambiguous Subpoena

Here, the subpoena was clear and unambiguous. "[A party] may only be held in contempt if it violated a clear and unambiguous order that left no doubt in the minds of those to whom it was addressed." *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989). A "clear and unambiguous" order is one that is "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *N.Y. State NOW v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989). In granting the Plaintiffs' motion for judgment debtor exam, I explicitly permitted Plaintiffs to "provide for the service of a subpoena or subpoena duces tecum on the judgment debtor for appearance at such time and place as the Plaintiffs/Judgment Creditors or their attorney decides." (ECF No. 50 at 3.) I also warned that, if Defendant failed to comply with the subpoena, it would be subject "to the provisions of [Conn. Gen. Stat. §] 52-143, concerning fine, damages and capias." (*Id.*) Plaintiffs served Defendant with a copy of my order and a subpoena to appear for a Judgment Debtor Exam on May 30, 2018. (ECF No. 53-4.) The subpoena required

4

Defendant to produce several documents. (*See* ECF No. 53-3 at 2 (requiring Defendant to produce "[c]opies of . . . checking and savings bank account statements . . . tax returns . . . assets and liabilities . . . unpaid accounts receivables. . . outstanding retention owed to Plumbing Creations . . . Documentation of any real property owned . . . all equipment and vehicles ow[n]ed by Plumbing Creations . . . intangible assets . . . any other tangible assets not mentioned in the above-referenced requests . . . .").) The language of the subpoena was plain and direct. (ECF No. 53-3 ("You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material . . . .").) Defendant did not appear and did not provide the documents. Plaintiffs rescheduled the exam, served Defendant with notice of the new date and time, and reiterated that Defendant should "bring copies of all requested documents." (ECF No. 53-5, 53-6.) Defendant attended the rescheduled examination, demonstrating that it had actual notice of the subpoena, but still did not produce the requested documents. Even after I issued an order to show cause, which made clear that the Defendant had to explain why it "should not be . . . held in contempt for failure to produce documents in accordance with the subpoena," and that failure by the Defendant to respond would result in a contempt order (ECF No. 54), Defendant still did not respond.

Next, proof of Defendant's noncompliance is clear and convincing. Defendant appeared at the rescheduled Exam in response to the subpoena but failed to produce the required documents. (ECF No. 53 at ¶ 8.) The Exam took place on June 12, 2018 and to date the Defendant has not produced any of the required documents, objected to the request for documents, or offered any explanation for the failure to comply. (*Id.* at ¶ 9.) Additionally, Defendant has not complied with my order to show cause. (ECF No. 54.) The order was served on the Defendant on February 7,

5

2019 and to date Defendant has not filed a response or offered any explanation for why the court should not grant the Plaintiffs' motion for contempt. (ECF No. 55-3.)

Finally, Defendant has not diligently attempted to comply with the subpoena. While Defendant did appear at the rescheduled Exam, it failed to provide the documents required. (*Id.*) Additionally, Defendant failed to respond to the Court's order to show cause. The failure to produce document despite Plaintiffs' repeated requests, along with the Defendant's failure to respond to the Court's order to show cause, demonstrates that the Defendant has not "diligently attempted" to comply with the court orders.

### B. Plaintiffs' Proposed Sanctions Are Reasonable

In light of the Defendant's failure to comply with court orders, the imposition of a civil sanction is appropriate and in the interest of justice. Defendant has shown that it is unwilling to comply with court orders and the coercive power of a contempt is the only manner in which the Court can obtain Defendant's compliance. *See New York State NOW v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998) (explaining that civil contempt sanctions "force the contemnor to conform his conduct to the court's order.") In determining an appropriate sanction, the court must ensure that the civil contempt sanction is "coercive" or "compensatory" and not "punitive." *Gucci Am. v. Bank of China*, 768 F.3d 122, 144 (2d Cir. 2014). A monetary sanction is normally appropriate "to compensate the plaintiff for injury caused by past noncompliance or to prevent continued disobedience" but such a fine "is not always dependent on a demonstration of actual pecuniary loss." *Manhattan Industries v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d. Cir. 1989) (internal quotation marks omitted). When imposing coercive fines for civil contempt, courts consider the "character and magnitude of the harm threatened by continued contumacy, . . . the probable effectiveness of any suggested sanction in bringing about (compliance), and the amount of (the

contemnor's) financial resources and the consequent seriousness of the burden to (him)." *Perfect Fit Industries, Inc. v. Acme Quilting Co.,* 673 F.2d 53, 57 (2d Cir. 1982) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)). Plaintiffs ask that I "impose a monetary fine upon Defendant for each day that it fails to comply with the Subpoena to Produce Documents." (ECF No. 53 at 3.) I find that a fine of $200 per day is "coercive" without being punitive and is reasonably aimed at compelling the Defendant to act. Defendant has refused to comply with the subpoena for more than a year and has denied Plaintiffs the opportunity to recover the damages awarded by the court. A daily fine will continue to accumulate only until Defendant provides the documents required under the subpoena, and the fine amount will therefore be determined by the Defendant's willingness to comply. I cannot assess the burden a fine would impose upon the Defendant because the Defendant has not provided the court with any information regarding its assets. However, I find that $200 a day is reasonable, particularly given that Defendant can avoid incurring additional costs at any time by providing the requisite documents. The fine of $200 per day will begin accruing one day after service of this ruling is made upon the defendant. Proof of such service shall be filed on the docket within 14 days of this ruling.

I also find that reasonable attorney's fees and costs incurred in preparing the motion for contempt are appropriate compensation given the Defendant's failure to comply with the subpoena. Courts in the Second Circuit generally award "the reasonable costs of prosecuting the contempt, including attorney's fees, only where violation of a court order is found to have been willful." *Manhattan Industries*, 885 F.2d at 8. Here, Defendant had notice of the requirement that it turn over documents but has failed to do so. I directed Plaintiffs to serve Defendant with documents demonstrating their expenses incurred in filing the motion for contempt and ordered Defendant to show cause why it should not be required to pay those expenses. Defendant did not

7

respond to the order or provide the documents. This evidence is adequate to demonstrate that the Defendant's contempt was willful. Plaintiffs have provided documentation showing that counsel spent 2.50 hours preparing the motion for contempt at a rate of $250 per hour. I find that Plaintiffs' counsel's hourly rate is reasonable in light of my "familiarity with rates prevailing in this district." *Kennedy v. Supreme Forest Prod., Inc.*, 295 F. Supp. 3d 113, 124–25 (D. Conn. 2017). It was also reasonable for Plaintiffs' counsel to spend 2.50 hours preparing this motion and to spend $60.20 to serve the motion and order to show cause. Thus, the Defendant will be ordered to pay $625.00 in attorney's fees and $60.20 in costs incurred in connection with preparing and serving the motion for contempt.

**V.     Conclusion**

For the foregoing reasons, I GRANT Plaintiffs' motion for contempt for noncompliance with the subpoena and the Court's order to produce the documents described in Schedule A. The Court enters the following ORDERS:

1. Defendant, Plumbing Creations, LLC, is hereby HELD IN CONTEMPT for its failure to comply fully with the subpoena served upon it on April 30, 2018. (ECF No. 53-3.)

2. Defendant is ORDERED TO PAY a fine in the amount of $200 (two hundred dollars) PER DAY, beginning on the day following the day this ruling is served on the Defendant. To prevent this fine or end its assessment, Defendant must purge its contempt by producing the documents listed in Schedule A of the Plaintiffs' subpoena. (ECF No. 53-3.) Unless or until Defendant produces said documents, the foregoing fine will accrue each day, subject to further Order of the Court.

3. Defendant, Plumbing Creations, LLC, is hereby ORDERED TO PAY reasonable attorney's fees and costs incurred by Plaintiffs in filing and litigating their "Motion

for Contempt" in the amount of $685.20 (six-hundred eighty-five dollars and twenty cents). (*See* ECF No. 55 at ¶¶ 3–4.)

4. Plaintiffs are hereby ORDERED TO SERVE this ruling and Schedule A of the Plaintiffs' subpoena upon the Defendant. Proof of such service shall be filed on the docket within 14 days of this ruling.

IT IS SO ORDERED.

                                                   /s/  
                                         Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut  
              July 11, 2019